IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ERIC THOMPSON,** | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | **Civil Action No. 3:09-CV-01881** |
| **ANDREWS INTERNATIONAL, INC.** | § | |
| **and ANDREWS INTERNATIONAL** | § | |
| **SECURITY SERVICES, INC.** | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I.  Parties

1.01.   Plaintiff Eric Thompson  ("Thompson" or "Plaintiff") is an individual who resides in Tarrant County, Texas.

1.02.   Andrews International, Inc. ("Andrews")  is a company doing business in the State of Texas and Dallas County; it may be served with process by serving its Chairman and Chief Executive Officer, Randy Andrews, 27959 Smyth Drive, Valencia, CA  91355.

1.03.   Andrews International Security Services, Inc., ("Andrews Security") is a company doing business in the State of Texas and Dallas County; it may be served with process by serving its registered agent, Cheri Grant, 1340 Windcrest Dr., Round Rock, TX 78664.

### II.  Jurisdiction

2.01.   The Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. §§ 1331, 1367, as

the case arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq*., and the Texas Labor Code.

### III.  Venue

3.01.   Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(c ) as Andrews and Andrews Security are subject to personal jurisdiction in the Dallas Division of the Northern District of Texas.

### IV.  Factual Background

4.01.   Thompson was employed with Defendants as a security guard beginning on or about May 4, 2005.

4.02.   Continuing throughout his employment with Defendants, Thompson, who is African-American, was subjected to derogatory comments based on his race.

4.03.   Thompson complained to supervisors regarding the derogatory workplace comments based on his race.

4.04.   Soon after Thompson lodged the complaints regarding the derogatory workplace comments, he was removed from his position, and offered another, less desirable position at a lower rate of pay.

4.05.   Thompson was forced to resign on or about October 24, 2008.

### V.  Exhaustion of Administrative Procedures

5.01.   Thompson has timely filed with the Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against Andrews and Andrews Security.  Thompson received a Notice of Right to Sue from the EEOC within 90 days of the filing of this

Complaint.

## VI.  Title VII

6.01.   Thompson, an African-American, is a member of a protected class under Title VII.

6.02.   Andrews and Andrews Security are employers who are covered by Title VII.

6.03.   Thompson was demoted or treated differently than those outside the protected class due to his race in violation of Title VII.

6.07.   Defendants acts of discrimination were performed with malice and reckless disregard for Thompson's protected civil rights.

## VII.  Texas Labor Code

7.01.   Thompson restates the facts set forth in Paragraphs II, III, IV, V, VI and VII.

8.02.   Defendants intentionally discriminated against Thompson in violation of the Texas Labor Code.

## VIII.  Damages

8.01.   Thompson has suffered the following injuries as a direct and proximate result of Defendants' conduct:

 a.  loss of past wages;

 b. loss of future wages;

 c. loss of benefits; and

 d. emotional distress, pain and suffering, mental anguish, inconvenience and loss of enjoyment of life.

## IX.  Attorney Fees and Costs

9.01.   Thompson is entitled to an award for attorney fees and costs under Title VII and the Texas Labor Code.

## X.  Demand for Jury

10.01. Thompson requests a trial by jury for all issues so triable.

## XI.  Prayer

11.01.   PREMISES CONSIDERED, Plaintiff respectfully requests judgments against Defendants for:

a.  Back pay in an amount in excess of the jurisdictional limits;

b.  Front pay in an amount in excess of the jurisdictional limits;

c. Compensatory damages for mental anguish, emotional distress, inconvenience, past pecuniary losses and loss of enjoyment of life;

d.  Compensation for lost benefits;

e.  Punitive damages due to Defendant's intentional conduct;

f.  Attorney's fees incurred herein and in any proceeding before the Unites States Court of Appeals for the Fifth Circuit and the United States Supreme Court;

g.  Costs of court;

h.  Pre-judgment and post-judgment interest on the above amounts;

i.  Reinstatement to his former position and rate of pay

j.  All other legal and equitable relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

<u>Mark McAdoo</u>
Mark McAdoo
WY SBN: 6-3487
Attorney at Law
1307-B W. Abram, Suite 100
Arlington, TX 76013
817-461-1278 (phone)
206-339-3706 (fax)

- and -

Christian Jenkins
TX SBN: 10625500
**The Law Offices of Christian Jenkins, PC**
1307B West Abram, Suite 100
Arlington, TX 76013
Phone: 817.461.4222
Fax: 817461.5999

Attorneys for Plaintiff
Eric Thompson